UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:                                                        CASE NO: 11-31526 -WSS

CRESTVIEW OPEN MRI, INC.                    CHAPTER 11

    Debtor.
_____/

**ORDER CONFIRMING SECOND AMENDED PLAN OF
REORGANIZATION [DOC 115]**

THIS CAUSE came before the Court on Confirmation Hearing of Debtor's Second Amended Plan of Reorganization [DOC 115], thereto, the Office of the U.S. Trustee having no objections, all objections having been resolved, the parties being present, the Court having heard poffered testimony and argument of counsel, having reviewed the Affidavit of Debtor's principle and being otherwise advised in the premises, the Court hereby finds as follows:

1.    The Plan complies with applicable provisions of the Chapter 11 Bankruptcy Code;

2.    That the proponent of the Plan complies with the applicable provisions of the Code;

3.    That the Plan has been proposed in good faith and not by any means forbidden by law;

4.    a.    That any payment made or promised by the proponent, and expenses in or in connection with, the case, or in connection with the Plan and incident to the case, have been disclosed to the Court;

        a.    Any such payments made before confirmation are reasonable; or if

such payment are to be fixed after confirmation of the Plan such payment is subject to approval of the Court as reasonable;

    5.    With respect to each class:

        a.    Each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain were Debtor to liquidate under Chapter 7; or

        b.    If Section 1111 (b)(2), of the Code applies to the claims of such class, each holder of the claim of such class will receive or retain under the Plan on account of such claim, property of a value as of the effective date of the Plan, that is not less than such value of such creditor's interest in the Estate's interest in property that secures such claims;

    1.    With respect to each class, such class has accepted the Plan or such class is not impaired under the Plan;

    2.    Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the Plan provides:

        a.    With respect to a claim of the kind specified in Section 507 (a)(1) or Section 507 (a)(2) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim, cash equal to the allowed amount of such claim;

        b.    With respect to a class of claims of the kind specified in Section 507 (a) (3-6) of the Code, each holder of such class will receive, if such class has accepted the Plan, deferred cash payments of a value as of the effective date of the Plan,

equal to the allowed amount of such claims; or if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; and

    c. With respect to a claim of the kind specified in Section 507 (a)(7), the holder of such claim shall received, on the account of such claim deferred cash payments, over a period not exceeding five (5) years after the date of the Order for Relief entered in these proceedings, of a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

  1. At least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class.

  2. The Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtor under the Plan unless such liquidation or reorganization is proposed under the Plan.

  3. Debtor shall file all quarterly reports and pay all outstanding United States Trustee fees before the entry of an Order Closing this Estate.

  4. That the Plan is feasible as set forth in 11 U.S.C. 1129(a).

  5. That all secured creditors shall retain pre-petition lien rights as set forth in the Plan, post confirmation.

  6. That the Debtor is authorized to execute any and all documents requested by creditors and/or directed by Local Rules consistent with the First Amended Plan of Reorganization. Debtor shall not be liable for any state or local taxes on the recording of record of any document required by this Order and Debtor's Plan of Reorganization, as amended.

7. That this Court retains jurisdiction of this Estate until "Substantial Consummation" at which time Debtor shall cause a Motion to Close the Estate to be filed. Until such time as the Estate is closed, Debtor shall continue to file its post confirmation quarterly reports and be liable for U.S. Trustee quarterly fees.

IT IS THEREFORE ORDERED that the Plan of Reorganization, as Amended dated July 2, 2012, by Debtor (consistent with the findings herein) is confirmed and the Debtor shall comply with the terms of the Plan.

DONE AND ORDERED:

Dated:   September 11, 2012

*/s/ William S. Shulman*
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE