
**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:                                                                                   CASE NO. 11-31526-WSS

                                                                                         CHAPTER 11

CRESTVIEW OPEN MRI, INC.,

      Debtor.
_____/

**MOTION TO REOPEN CASE, GRANT STAY RELIEF,**
**DISMISS AND/OR CONVERT CASE**

COMES NOW CIT SMALL BUSINESS LENDING CORPORATION ("Secured Creditor"), by and through its undersigned counsel, and files its Motion to Reopen Case, Grant Stay Relief, Dismiss and/or Convert Case ("Motion"), and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a), it is a core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(G) and venue is proper pursuant to 28 U.S.C. §1408.

**BACKGROUND FACTS**

1. On September 14, 2011, Debtor filed for Chapter 11 relief of Title 11 of the Bankruptcy Code.

2. On October 3, 2011, Secured Creditor filed Proof of Claim No. 1 in the amount of $822,819.19.

3. Secured Creditor holds a Mortgage and Security Agreement recorded on December 13, 2006 in Official Records Book 2754, Page 1159, of the Public Records of Okaloosa County, Florida. **See Exhibit "A"** attached hereto.

4. Debtor executed a Note and Loan Agreement, copies of which are attached hereto as **Exhibit "B"**.

5. Secured Creditor also has a secured interest in the business collateral secured by a validly executed security agreement and perfected through a validly executed and filed UCC Financing Statements. See **Exhibit "C"** attached hereto.

6. On July 3, 2012, Debtor filed its Second Amended Plan of Reorganization (Doc. 115).

7. On September 11, 2012, the Court entered an Order Confirming Second Amended Plan of Reorganization (Doc. 139).

8. According to the Second Amended Plan as confirmed, the Effective Date (Doc. 115, page 3, paragraph 1.14) was "eleven (11) days subsequent to the date the Court enters its Order Confirming this Plan, or Order on Administrative Expense Application whichever occurs later, provided that no stay of the confirmation order is then in effect."  In this case the Effective date of the Plan was September 22, 2012.

9. Article V of the Second Amended Plan states:

"5.01 (a) Group 3, Class III A. CIT Small Business Lending has a secured Claim of $190,182.11 secured by a 2003 Hitachi Airus 11 MRI, fixtures and furniture, inventory, accounts receivables and general intangible.  Said claim shall be paid with five and a quarter (5.25%) percent interest over ten years in monthly payments of $2,040.50, commencing on January 15, 2012, and each month thereafter.  Said Creditor shall retain its lien rights post petition."

10. The Mortgage was later assigned by CIT Small Business Lending Corporation, Assignor, to ReadyCap Lending, LLC, Assignee, by an Assignment of Mortgage dated July 15, 2014 recorded in O.R. Book 3155, Page 3958 and August 28, 2014 in O.R. Book 3162, Page 507 of the Public Records of Okaloosa County, Florida, along with the Allonge.  True and correct copies of the recorded Assignments of Mortgage and Allonge are attached hereto as **Exhibit "D"**.

11. As of the filing of this motion, the Debtor owes Secured Creditor the following missed plan payments:

| Due | Amount |
|---|---|
| 4/1/2015 | $ 2,040.50 |
| 5/1/2015 | $ 2,040.50 |
| 6/1/2015 | $ 2,040.50 |
| 7/1/2015 | $ 2,040.50 |
| 8/1/2015 | $ 2,040.50 |
| 9/1/2015 | $ 2,040.50 |
| 10/1/2015 | $ 2,040.50 |
| 11/1/2015 | $ 2,040.50 |
| **TOTAL DUE** | **$ 16,324.00** |

12. The December 1, 2015 will be due shortly which will add an additional $2,040.50 to the current amount due.

## ARGUMENT

A bankruptcy case can be reopened after discharge and case closure under certain circumstances.  Bankruptcy Code Section 350(b) authorizes the bankruptcy court to reopen a case for various reasons including to "administer assets, to accord relief to the debtor, **or for other cause**." Fed. R. Bankr. P. 5010 states: "A case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code." (emphasis added).  *See In re Chalasani*, 92 F.3d 1300, 1308 (2d Cir. 1996).  *Accord In re Thompson*, 16 F.3d 576, 581-82 (4th Cir.), cert. denied, 512 U.S. 1221, 114 S. Ct. 2709, 129 L. Ed. 2d 836 (1994); *In re Rosinski*, 759 F.2d 539 (6th Cir. 1985);

*In re Mattera*, 203 B.R. 565, 568 (Bankr. D.N.J. 1997); *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993); *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991). Additionally, the Court has left open the opportunity for the parties to be heard by reserving jurisdiction on the matter as per the Court's Order dated September 11, 2012 (Doc. 139).

The decision to reopen is within the discretion of the court, and merely granting a motion to reopen does not afford substantive relief but simply provides the opportunity to request further relief. *Chalasani*, 92 F.3d at 1307-08. *Accord In re Leach*, 194 B.R. 812 (E.D. Mich. 1996); *In re Germaine*, 152 B.R. 619 (B.A.P. 9th Cir. 1993).

In using its discretion to grant such a motion, "the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice." *Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322, 323 (7th Cir. 1983) (per curiam). *Hawkins v. Landmark Finance Company*, 727 F.2d 324, 326 (4th Cir. 1984) (involved the reopening of a case to permit a lien avoidance proceeding; the determination to reopen a case is left to the sound discretion of the court and depends upon the circumstances of the case).

The Debtor has not provided for payment in accordance with the Second Amended Plan and is in arrears in the amount of $16,324.00 due to Secured Creditor.

The Secured Creditor lacks adequate protection of its Collateral and believes the Collateral is diminishing and decreasing in value and continues to do so. Secured Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted to allow Secured Creditor to pursue its *in rem* remedies.

Secured Creditor asserts sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(2), therefore allowing an Order to be effective upon this Honorable Court's signature, as the Collateral is easily moved, easily secreted, easily damaged which would cause irreparable injury, loss and damage to the Secured Creditor.  In addition, Secured Creditor prays that the Court suspend the Rule in all instances in which there is a Consent to the part of the Debtor.

11 U.S.C. § 1112 (b)(1) provides in part that:

... on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause....

11 U.S.C. § 1112 (b)(4) provides in part that:

For purposes of this subsection, the term 'cause' includes -

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(E) failure to comply with an order of the court;

(M) inability to effectuate substantial consummation of a confirmed plan; and

(N) material default by the Debtor with respect to a confirmed plan.

The Court must enter an order of dismissal or conversion once cause is established unless it makes a requisite finding under § 1112 (b)(2), as follows:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) -

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured with a reasonable period of time fixed by the court.

Creditor has established cause for the dismissal or conversion of this case. Absent a reasonable justification for the shortcomings and failures cited herein, and a prompt cure of same, this case must be dismissed or converted, whichever is in the best interests of creditors and the estate.      In summary, Secured Creditor believes the decision to reopen this case is within the discretion of the court, requests this Court enter stay relief so that Secured Creditor can pursue its in rem remedies, dismiss and/or convert bankruptcy case.

**WHEREFORE**, Secured Creditor respectfully requests this Court reopen this case, grant stay relief to Secured Creditor, dismiss and/or convert bankruptcy case or such further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via 1st Class U.S. Mail and/or via electronic filing to the 20 largest unsecured creditors-Local Rule 1007(d), below parties and the attached matrix this 10th day of November, 2015.

> KUBICKI DRAPER
> Attorneys for Secured Creditor
> 515 North Flagler Drive, #1800
> West Palm Beach, FL 33401
> Tel. (561) 616-4343/Fax (561) 640-0524
> By:    __/s/ Frank P. Delia_____
>         Frank P. Delia
>         FBN 0025877
>         Email: fpd@kubickidraper.com